OJS 44 (Rev. 3/99)                    **CIVIL COVER SHEET**                    APPENDIX B

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

WILLIAM HUDSON, Individually and on behalf of all others similarly situated

**DEFENDANTS**

Eaglemark Savings Bank and
Harley-Davidson Credit Corp.

**(b)** County of Resident of First Listed Plaintiff _Montgomery County, PA_
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _Ormsby County, NV_
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Cary L. Flitter, Esquire
Theodore E. Lorenz, Esquire
Lundy, Flitter, Beldecos & Berger, P.C.
450 North Narberth Avenue
Narberth, PA 19072
(215) 822-0782

Attorneys (If Known)
Joe N. Nguyen
Reed Smith LLP
2500 One Liberty Place, 1650 Market Street
Philadelphia, PA 19103-7301
(215) 851-8100

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 2  U.S. Government
Defendant

☐ 3  Federal Question
(U.S. Government Not a Party)

☒ 4  Diversity
(Indicate Citizenship of Parties
in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place Of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- | ☐ 620 Other Food & Drug | ☐ 423 Individual | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury- | of Property 21 USC | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| &Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| Student Loans (Excl. | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 850 Securities/Commodities/ |
| Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | | **SOCIAL SECURITY** | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW | ☐ 891 Agricultural Acts |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | (405(G)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt Reporting | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | Injury | **PRISONER PETITIONS** | & Disclosure Act | ☐ 765 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | ☐ 530 General | Security Act | or Defendant) | Determination Under |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 444 Welfare | ☐ 540 Mandamus &Other | | 26 USC 7609 | ☐ 950 Constitutionality of |
| | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | State Statutes |
| | | ☐ 555 Prison Condition | | | ☐ 890 Other Statutory Actions |

**V. ORIGIN**                    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to
District Judge
from Magistrate
Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)
Alleged violation of 13 Pa. C.S. § 9601 *et seq.*

**VII. REQUESTED IN
COMPLAINT**          x CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23          **DEMAND** Greater than $5,000,000.00          CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

**VIII. RELATED CASE(S)
IF ANY**          (See
instructions):          JUDGE _____          DOCKET NUMBER _____

DATE
December 1, 2010

SIGNATURE OF A ATTORNEY OF RECORD
/s/ Joe N. Nguyen

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 817 Northridge Drive, Norristown, PA 19403-2990

Address of Defendant: 3850 Arrowhead Driver, Carson City, NV 89706

Place of Accident, Incident or Transaction: Montgomery County, Pennsylvania

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporateparty with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐   No ☐

Does this case involve multidistrict litigation possibilities?    Yes ☐   No X

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No X

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. X All other Diversity Cases
   U.C.C.

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Joe N. Nguyen, counsel of record do hereby certify:

X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

X Relief other than monetary damages is sought.

DATE: December 1, 2010     /s/ Joe N. Nguyen     93638
                            Attorney-at-Law         Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: December 1, 2010     /s/ Joe N. Nguyen     93638
                            Attorney-at-Law         Attorney I.D.#

CIV. 609 (4/03)

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

WILLIAM HUDSON, individually and on behalf of all others situated     :
:
:
       Plaintiff,           :
   v.                             :     CIVIL ACTION NO.
:
EAGLEMARK SAVINGS BANK      :
:
    and                       :
:
HARLEY-DAVIDSON CREDIT CORP.   :
:
        Defendants.        :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X)

December 1, 2010                     /s/ Joe N. Nguyen
Date                                 Joe N. Nguyen  (PA I.D. 93638)
                                     Telephone  (215) 851-8100
                                     Fax Number (215) 851-1420
                                     E-Mail Address jnguyen@reedsmith.com

                                     Attorneys for Defendants
                                     Eaglemark Savings Bank and
                                     Harley-Davidson Credit Corp.

**(Civ. 660) 10/02**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM HUDSON, individually and on behalf of all others situated :<br><br>Plaintiff, :<br>v. :<br><br>EAGLEMARK SAVINGS BANK :<br><br>and :<br><br>HARLEY-DAVIDSON CREDIT CORP. :<br><br>Defendants. : | CIVIL ACTION NO. |

## NOTICE OF REMOVAL

Defendants Eaglemark Savings Bank ("Eaglemark") and Harley-Davidson Credit Corp. ("Harley-Davidson") (collectively "Defendants"), hereby remove the above-captioned matter to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), from the Court of Common Pleas, Montgomery County, Pennsylvania, where it is currently pending, at Case Number 2010-31627-0.

## REMOVAL TO THIS JUDICIAL DISTRICT IS PROPER AND TIMELY

1.     Plaintiff William Hudson ("Plaintiff" or "Hudson") commenced this action in the Montgomery County Court of Common Pleas by filing a Complaint on October 28, 2010, a true and correct copy of which is attached hereto as **Exhibit A**.

2.     Defendants first received notice of this action by receipt of the Complaint on or after November 2, 2010, when they received a copy of Plaintiff's Complaint via personal service.

3.     The Complaint was the first pleading, notice, order, or other paper from which it could be ascertained that this action is removable.

4.     This Notice of Removal is timely-filed pursuant to 28 U.S.C. § 1446(b) because it is filed within (30) days of November 2, 2010.

5.     No further pleadings have been filed, and no proceedings have yet occurred in the Montgomery County litigation.

## FACTUAL ALLEGATIONS OF THE COMPLAINT

6.     By this action, Plaintiff seeks to recover on behalf of himself and all other similarly situated statutory damages from Defendants pursuant to Pennsylvania's version of the Uniform Commercial Code ("U.C.C.") relating to repossession of collateral.  Complaint ¶¶ 1, 31.

7.     Plaintiff alleges that he financed the purchase of a motorcycle through Defendants.  Complaint ¶ 11.

8.     Plaintiff alleges that he later fell behind on his payments.  Complaint ¶ 14.

9.     Plaintiff alleges that Defendants repossessed Plaintiff's motorcycle or directed that it be repossessed.  Complaint ¶ 15.

10.     Plaintiff asserts that Defendants sent a post-repossession notice that did not conform to the requirements under the U.C.C.  Complaint ¶¶ 18-23.

11.     Plaintiff asserts that he is entitled to statutory damages in excess of $6,242.35 as a result of Defendants' allegedly faulty post-repossession notice.  Complaint ¶33.

12.     In addition to statutory damages, Plaintiff seeks a declaration that the repossession notice failed to comport with the provisions of Pennsylvania law.  Complaint at p. 8.

13.     Plaintiff asserts that he is entitled to pursue this action on behalf of himself and all other Pennsylvania residents who are similarly situated.  Complaint ¶ 35.

2

## REMOVAL IS PROPER UNDER 28 U.S.C. § 1331(d)
## AND THE CLASS ACTION FAIRNESS ACT

14.     This action is a civil action within the original jurisdiction of this Court, and may be removed pursuant to 28 U.S.C. § 1441 and the procedures set forth in 28 U.S.C. § 1446, based on diversity jurisdiction under 28 U.S.C. § 1332 and CAFA.  28 U.S.C. § 1332(d)(2) states:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant . . . .

A district court shall decline to exercise jurisdiction over a class action if "the number of members of all proposed plaintiff classes in the aggregate is less than 100."  28 U.S.C. § 1331(d)(5)(B).

15.     Thus, 28 U.S.C. § 1332 and CAFA together provide that a civil action may be removed if: (1) the action is a class action; (2) membership in the putative class is not less than 100; (3) minimal diversity of citizenship exists (any member of the plaintiff class is a citizen of a state different from any defendant); and, (4) the aggregate amount in controversy exceeds $5,000,000.  These requirements are met in this action as set forth below.

**A.      This Action Is A "Class Action" Within The Meaning Of 28 U.S.C. § 1332(D)(B), And Membership In The Putative Class Is Not Less Than 100.**

16.     28 U.S.C. § 1332(d)(1)(B) provides that "[t]he term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."

3

17.     Plaintiff alleges that he brings the Complaint as a Class Action on behalf of himself and other similarly situated Pennsylvania residents, and avers explicit Class Action Allegations.  Complaint ¶¶ 35-44.

18.     The purported Class is defined in the Complaint as

    (a)     all persons who financed a motorcycle through Harley Credit primarily for consumer use;

    (b)     From whom Harley Credit, as secured party, repossessed the motorcycle or ordered it to be repossessed;

    (c)     who had a Pennsylvania address as of the date of repossession; and

    (d)     who were not sent notice which provided:

        (1)     a statement of intent to sell the motorcycle on a date after the expiration of at least 15 days from the date of mailing of the Notice;

        (2)     an itemized statement of the amount required to redeem the motorcycle;

        (3)     the address of the place where the motorcycle will be held for 30 days from the date of mailing the notice; or

    (e)     were sent no notice at all;

    (f)     in the period commencing four years prior to the filing of the Complaint in this action.

Complaint ¶ 36.

19.     Defendant denies that this case is appropriate for class treatment.  However, if the court finds that class treatment is appropriate, on information and belief, the class will consist of more than 100 persons.

20.     Accordingly, as Plaintiff seeks to represent a class of persons pursuant to applicable Rules of Civil Procedure, this action is a "class action" under 28 U.S.C. § 1332(d)(1)(B), and the purported Class exceeds the 100 person minimum set forth in 28 U.S.C. § 1332(d)(5).

**B.     The Requisite Diversity of Citizenship Exists.**

21.     There is complete diversity of citizenship between the parties.

22.     Plaintiff is a citizen of Pennsylvania.  Complaint ¶ 4.

23.     Defendant Eaglemark Savings Bank is a Nevada corporation with a principal place of business in Nevada.  Complaint ¶ 5

24.     Defendant Harley-Davidson is a Nevada corporation with a principal place of business in Nevada.  Complaint ¶ 6.

25.     A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

26.     Accordingly, Harley-Davidson is a citizen of Nevada, and Eaglemark is a citizen of Nevada.  Thus, at least one putative class member, Plaintiff Hudson, is a citizen of a different state than the Defendants.

27.     None of the "home state" or "local controversy" exceptions described in 28 U.S.C. §§ 1332(d)(3)-(4) are applicable here.  A district court may decline to exercise jurisdiction under these sections where a defendant "is a citizen of the State in which the action was originally filed."  28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc); *see also* 28 U.S.C. §§ 1332(d)(4)(B), 1332(d)(3).  Because Defendants Eaglemark and Harley-Davidson are not citizens of Pennsylvania, the state where the action was originally filed, these exceptions do not apply.

**C.     The Aggregate Amount In Controversy Exceeds $5,000,000.**

28.     This action satisfies the requirement of 28 U.S.C. § 1332(d)(2) in that the aggregate amount in controversy exceeds the sum or value of $5,000,000.  *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000").

29.     The putative class here consists of "all Pennsylvania residents to whom Defendants failed to provide requisite notice of repossession in connection with the repossession of a motor vehicle(s)."  Complaint ¶ 36.

30.     Plaintiff individually claims "statutory minimum damages" in the amount of the sum of credit service, or finance charge ($4,421.73) and ten percent of the amount financed (41,820.62) or a total of $6,242.35.  Complaint ¶33.

31.     Defendants deny that they have any liability to Plaintiff or the purported Class because Plaintiff's claims fail as a matter of fact and law.  However, it is apparent on the face of the Complaint that the relief sought on behalf of the putative Class exceeds the $5,000,000 threshold.

## ALL PAPERS, PLEADINGS AND ORDERS SERVED ON DEFENDANT ARE ATTACHED AND A NOTICE OF REMOVAL IS BEING FILED WITH THE STATE COURT

32.     Written notification of the filing of this Notice of Removal, together with a certified copy of this Notice of Removal and all attachments, will be promptly served upon all parties and filed with the Prothonotary of the Montgomery County Court of Common Pleas, Philadelphia, Pennsylvania, in accordance with 28 U.S.C. § 1446(d).

33.     No admission of fact, law or liability is intended by this Notice of Removal, and Defendant expressly preserve all of their defenses, denials and/or objections to Plaintiff's Complaint and each and every allegation thereof.

**WHEREFORE**, Defendants Eaglemark Savings Bank and  Harley-Davidson Credit Corp. request that the above-captioned action be removed from the Court of Common Pleas, Montgomery County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania, and that all further proceedings in this action be held before this Court.

6

*/s/Joe N. Nguyen*
Joe N. Nguyen
Attorney I.D. No. 93638
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301
215-851-8100

Attorneys for Defendants
Eaglemark Savings Bank and
Harley-Davidson Credit Corp.

Dated:  December 1, 2010

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of December, 2010, I caused a true and correct copy of the foregoing Notice of Removal to be served via ECF and/or First Class United States Mail, postage prepaid upon the following:

Cary L. Flitter, Esquire
Theodore E. Lorenz, Esquire.
Lundy, Flitter, Beldecos & Berger, P.C.
450 North Narberth Avenue
Narberth, PA 19072

Mark A. Kearney, Esquire
Timothy T. Myers, Esquire
Elliott Greenleaf & Siedzikowski, PC
925 Harvest Drive Suite 300
Blue Bell, Pa 19422

*Attorneys for Plaintiff*

<u>/s/Joe N. Nguyen</u>
Joe N. Nguyen

# EXHIBIT A

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet
## MONTGOMERY County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | |

*The information collected on this form is used solely for court administration purposes.  This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

<table>
<tr><td colspan="2">

**Commencement of Action:**
☒ Complaint    ☐ Writ of Summons    ☐ Petition    ☐ Notice of Appeal
☐ Transfer from Another Jurisdiction    ☐ Declaration of Taking
</td></tr>
<tr><td>

**Lead Plaintiff's Name:**
William Hudson
</td><td>

**Lead Defendant's Name:**
Eaglemark Savings Bank
</td></tr>
<tr><td colspan="2" align="center">

☐  Check here if you are a Self-Represented (Pro Se) Litigant
</td></tr>
<tr><td colspan="2">

Name of Plaintiff/Appellant's Attorney: Cary L. Flitter, Esq.
</td></tr>
</table>

| Are money damages requested? : ☒ Yes ☐ No | Dollar Amount Requested: (Check one) | ☐ within arbitration limits ☒ outside arbitration limits |
|---|---|---|

**Is this a *Class Action Suit*?**    ☒ Yes    ☐ No

**Nature of the Case:**   Place an "X" to the left of the ONE case category that most accurately describes your *PRIMARY CASE.* If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
☐ Intentional
☐ Malicious Prosecution
☐ Motor Vehicle
☐ Nuisance
☐ Premises Liability
☐ Product Liability *(does not include mass tort)*
☐ Slander/Libel/ Defamation
☐ Other: _____

**MASS TORT**
☐ Asbestos
☐ Tobacco
☐ Toxic Tort - DES
☐ Toxic Tort - Implant
☐ Toxic Waste
☐ Other: _____

**PROFESSIONAL LIABLITY**
☐ Dental
☐ Legal
☐ Medical
☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
☐ Buyer Plaintiff
☐ Debt Collection: Credit Card
☐ Debt Collection: Other

☐ Employment Dispute: Discrimination
☐ Employment Dispute: Other
_____

☒ Other:
Pa. Uniform Commercial Code
_____

**REAL PROPERTY**
☐ Ejectment
☐ Eminent Domain/Condemnation
☐ Ground Rent
☐ Landlord/Tenant Dispute
☐ Mortgage Foreclosure
☐ Partition
☐ Quiet Title
☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
☐ Board of Assessment
☐ Board of Elections
☐ Dept. of Transportation
☐ Zoning Board
☐ Statutory Appeal: Other

Judicial Appeals
☐ MDJ - Landlord/Tenant
☐ MDJ - Money Judgment
☐ Other: _____

**MISCELLANEOUS**
☐ Common Law/Statutory Arbitration
☐ Declaratory Judgment
☐ Mandamus
☐ Non-Domestic Relations Restraining Order
☐ Quo Warranto
☐ Replevin

☐ Other: _____

*Pa.R.C.P. 205.5*

2/2010

Case# 2010-31627-0 Received at Montgomery County Prothonotary on 10/28/2010 1:13 PM, Fee = $251.00

Case# 2010-31627-0 Received at Montgomery County Prothonotary on 10/28/2010 1:13 PM, Fee = $251.00

LUNDY, FLITTER, BELDECOS &
BERGER, P.C.
BY:  CARY L. FLITTER
IDENTIFICATION NO. 35047
THEODORE E. LORENZ
IDENTIFICATION NO. 67795
ANDREW M. MILZ
IDENTIFICATION NO. 207715
450 North Narberth Avenue
Narberth, PA  19072
(610) 822-0782

ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| WILLIAM HUDSON, individually and on behalf of all others similarly situated<br>817 Northridge Drive<br>Norristown, PA  19403-2990,<br><br>               Plaintiff,<br><br>    vs.<br><br>EAGLEMARK SAVINGS BANK<br>3850 Arrowhead Drive<br>Carson City, NV 89706,<br><br>      and<br><br>HARLEY-DAVIDSON CREDIT CORP.<br>4150 Technology Way<br>Carson City, NV 89706,<br><br>             Defendants. | COURT OF COMMON PLEAS<br>MONTGOMERY COUNTY<br><br>NO. |

## TO THE DEFENDANTS:

### NOTICE

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AS A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE:
100 West Airy Street (Rear)
Norristown, PA 19404-0268
(610) 279-9660, ext. 201

Case# 2010-31627-0 Received at Montgomery County Prothonotary on 10/28/2010 1:13 PM, Fee = $251.00

LUNDY, FLITTER, BELDECOS &
BERGER, P.C.
BY:  CARY L. FLITTER
IDENTIFICATION NO. 35047
THEODORE E. LORENZ
IDENTIFICATION NO. 67795
ANDREW M. MILZ
IDENTIFICATION NO. 207715
450 North Narberth Avenue
Narberth, PA  19072
(610) 822-0782

ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| WILLIAM HUDSON, individually and on behalf of all others similarly situated<br>817 Northridge Drive<br>Norristown, PA  19403-2990,<br><br>                              Plaintiff,<br><br>        vs.<br><br>EAGLEMARK SAVINGS BANK<br>3850 Arrowhead Drive<br>Carson City, NV 89706,<br><br>        and<br><br>HARLEY-DAVIDSON CREDIT CORP.<br>4150 Technology Way<br>Carson City, NV 89706,<br><br>                              Defendants. | COURT OF COMMON PLEAS<br>MONTGOMERY COUNTY<br><br>NO. |

## CLASS ACTION COMPLAINT

### I.      INTRODUCTION

1.      This is a consumer class action brought against related motorcycle finance companies pursuant to Pennsylvania's Uniform Commercial Code ("UCC"), 13 Pa C.S. § 9601, et seq.  The UCC requires secured parties who utilize self-help to provide consumers with proper notice when repossessing and reselling a financed vehicle.

1

Case# 2010-31627-0 Received at Montgomery County Prothonotary on 10/28/2010 1:13 PM, Fee = $251.00

2.      Defendants (collectively referred to as "Harley Credit") are the consumer lending arm of Harley Davidson, Inc., a motorcycle manufacturer.  When Harley Credit believes that a consumer has defaulted on a secured motorcycle loan, it repossesses and then re-sells the motorcycle.  In the course of so doing, Harley Credit failed both substantively and procedurally to provide Plaintiff and the class with the proper notice of disposition of collateral required by Pennsylvania's Uniform Commercial Code ("UCC").

3.      Because self-help repossession is effected without judicial authorization or oversight, the UCC requires secured creditors like Harley Credit to adhere strictly to the Code's notice rules.  Failure to provide proper notice of disposition of repossessed consumer goods is a violation of the Code that yields uniform statutory minimum damages.

## II.   PARTIES

4.      Plaintiff William Hudson (hereinafter "Plaintiff" or "Hudson") is an adult individual who resides at 817 Northridge Drive, Norristown, PA 19403-2990.

5.      Defendant Eaglemark Savings Bank ("ESB") is upon information and belief a Nevada corporation which operates as a non-chartered savings bank.  ESB has a principal place of business as captioned above.

6.      Defendant Harley-Davidson Credit Corp. ("HDCC") is upon information and belief a Nevada corporation with a principal place of business as captioned above.  ESB and HDCC are collectively referred to herein as "Defendants" or "Harley Credit".

7.      ESB is a wholly-owned subsidiary of HDCC.

8.      Harley Credit operates as the lending arm of Harley-Davidson, Inc. facilitating the financing of motor vehicles, accessories, clothing, and other related consumer goods.

Case# 2010-31627-0 Received at Montgomery County Prothonotary on 10/28/2010 1:13 PM, Fee = $251.00

9.      Harley Credit carries on a continuous and systematic part of its lending business within this Commonwealth.

10.     Harley Credit regularly conducts business in Montgomery County, Pennsylvania. It writes auto loans to residents of Montgomery County and throughout Pennsylvania and repossesses vehicles in Montgomery County and throughout Pennsylvania.

## III.    STATEMENT OF CLAIM

11.     On or about June 30, 2007, Hudson purchased a new motorcycle from Defendant's parent, Harley Davidson. To facilitate the sale, Harley Credit extended a motor vehicle loan for the purchase. A copy of the Retail Installment Sale Contract ("RISC") is appended hereto as Exhibit "A".

12.     Pursuant to the terms of the RISC, ESB was named as the "Lender" and secured party.

13.     Hudson made monthly payments to Harley Credit over the ensuing two years.

14.     In 2009, owing to the severe economic downturn, Hudson fell behind in his payments.

15.     On or around October 6, 2009, Harley Credit, as the lender and secured party, repossessed Hudson's motorcycle or directed that it be repossessed.

16.     To effect the repossession, Defendants caused the vehicle to be removed from its parking spot in the private parking lot of Hudson's condominium to an undisclosed location.

17.     Pennsylvania law requires a prompt post-repossession notice to the consumer advising of the repossession, any right to reinstatement, how many days to act before sale, the address where the repossessed vehicle is being stored, how the consumer can retrieve his personal property, and other information.

Case# 2010-31627-0 Received at Montgomery County Prothonotary on 10/28/2010 1:13 PM, Fee = $251.00

18.   On or about October 6, 2009, Harley Credit sent by certified mail to Plaintiff a "Notice of Our Plan to Sell Property" (the "Notice"), a copy of which is attached as Exhibit "B".

19.   The Notice states that Hudson's motorcycle was repossessed ("taken back") by Defendants and stated that the vehicle will be sold "at a private sale sometime after" October 16, 2009.

20.   This stated October 16, 2009 date was only 10 days from the date of the Notice.

21.   The Notice lists the "Outstanding Balance plus interest" as $14,141.92 and adds "Expenses (estimated)" of another $600.00.  The Notice does not itemize these figures, nor indicate what portion, if any, is repossession, collection, or other charges.

22.   The Notice does not disclose the place where Hudson's motorcycle was being stored.

23.   The Notice does not advise Hudson that he can reclaim any personal property left in or on his vehicle, nor how he could reclaim it.

*Governing Law*

24.   Article 9 of the Uniform Commercial Code ("UCC"), 13 Pa. C.S. § 9601, et seq., and the Motor Vehicle Sales Finance Act ("MVSFA"), 69 P.S. § 601, et seq. govern the financing and repossession of motor vehicles in Pennsylvania.

25.   "Motor vehicles" includes motorcycles.

26.   The MVSFA, 69 P.S. § 623D mandates that the Notice of Repossession sent to a borrower contain *inter alia* the following information:

   (a)   an itemized statement of the amount required to redeem the vehicle;

   (b)   notice of intent to sell the vehicle at the expiration of not less than 15 days from the date of mailing of the notice;

   (c)   the address of the place where the vehicle is stored; and

4

Case# 2010-31627-0 Received at Montgomery County Prothonotary on 10/28/2010 1:13 PM, Fee = $251.00

(d)   a statement that any personal property left in the vehicle will be held for 30 days from the date of mailing the notice.

27.   Under the UCC, 13 Pa. C.S. § 9610, "[E]very aspect of a disposition of collateral ... must be commercially reasonable". This includes post-repossession notice.

28.   Under the UCC, 13 Pa. C.S. § 9611, HDCC was required to provide "reasonable authenticated notification of disposition" of the collateral.

29.   Harley Credit failed to provide proper and reasonable notification of disposition to Hudson and the Class of borrowers he seeks to represent, by:

(a)   failing to provide an itemized statement of the amount required to redeem the vehicle;

(b)   failing to provide adequate or proper notice of sale of the vehicle. Pennsylvania law requires a minimum 15 days notice, but only 10 days notice was provided;

(c)   failing to state the address of the place where the vehicle is stored. The address permits the owner to view and inspect the vehicle before it may be exposed to sale and determine if the vehicle was damaged in the process of repossession; and

(d)   failing to advise that any personal property left in the vehicle will be held for 30 days from the date of mailing the notice.

(See Ex. "B" hereto).

30.   In the course of the repossession and disposition process, Harley Credit did not act in a commercially reasonable manner toward Plaintiff and the Class, and did not provide required or adequate notice of plan to sell the collateral. 13 Pa. C.S. § 9610, 9611.

31.   13 Pa. C.S. § 9625(c)(2) provides for damages for a secured party's failure to follow the proper procedures upon repossession. The statute allows a consumer debtor such as Hudson (and the putative Class) to recover minimum damages of not less than the credit service charge plus 10% of the principal amount of the obligation.

5

Case# 2010-31627-0 Received at Montgomery County Prothonotary on 10/28/2010 1:13 PM, Fee = $251.00

32.    The statutory damages are derived from a simple, straightforward and uniform arithmetic calculation.  The two figures needed for the statutory damage calculation are plainly visible on and determinable from the face of the RISC.

33.    In Hudson's case, the statutory minimum damages sum to:  $4,421.73 (credit service, or finance charge) + $1,820.62 (10% of amount financed) = $6,242.35.

34.    The Official Comments to the UCC are entitled to great weight under Pennsylvania law.  Official Comment number 4 to Section 9-625 makes clear that the damages are both intended by the Act and uniform, regardless of whether "actual damages" are greater, lesser or even absent.  That Comment states in pertinent part:

> "4.    **Minimum Damages in Consumer-Goods Transactions.**
> Subsection (c)(2) provides a minimum, statutory, damage recovery
> for a debtor and secondary obligor in a consumer-goods
> transaction.  It is patterned on former Section 9-507(1) and is
> designed to ensure that every noncompliance with the requirements
> of Part 6 in a consumer-goods transaction results in liability,
> regardless of any injury that may have resulted.  Subsection (c)(2)
> leaves the treatment of statutory damages as it was under former
> Article 9."

## IV.    CLASS ALLEGATIONS

35.    Plaintiff brings this action on his own behalf and on behalf of a class designated pursuant to Rules 1701-1716 of the Pennsylvania Rules of Civil Procedure.

36.    The class is composed of all Pennsylvania residents to whom Harley Credit failed to provide requisite notices of repossession in connection with the repossession of a motor vehicle(s).  Plaintiff proposes to define the class as:

(a)    all persons who financed a motorcycle through Harley Credit primarily for consumer use;

(b)    from whom Harley Credit, as secured party, repossessed the motorcycle or ordered it repossessed;

6

Case# 2010-31627-0 Received at Montgomery County Prothonotary on 10/28/2010 1:13 PM, Fee = $251.00

(c)    who had a Pennsylvania address as of the date of repossession; and

(d)    who were not sent notice which provided:

    (1)    a statement of intent to sell the motorcycle on a date after the expiration of at least 15 days from the date of mailing of the Notice;

    (2)    an itemized statement of the amount required to redeem the motorcycle;

    (3)    the address of the place where the motorcycle is stored;

    (4)    that any personal property left in the motorcycle will be held for 30 days from the date of mailing the notice; or

(e)    were sent no notice at all;

(f)    in the period commencing four years prior to the filing of the Complaint in this action.

37.    The class is believed to be so numerous that joinder of all members is impractical.

38.    There are questions of law or fact common to the class.  These include:

(a)    Whether Harley Credit failed to send the commercially reasonable notice of disposition of collateral required under the UCC after repossessing a vehicle;

(b)    Whether Harley Credit failed to send the Notice in the form and manner required under the UCC and Pennsylvania law after repossessing a vehicle; and

(c)    The statutory damages provided for such misconduct.

39.    The claims of the Plaintiff are typical of those of the class.  All are based on the same factual and legal theories.

40.    Plaintiff will fairly and adequately protect the interest of the class.  Plaintiff has no interest antagonistic to those of the class.

Case# 2010-31627-0 Received at Montgomery County Prothonotary on 10/28/2010 1:13 PM, Fee = $251.00

41.     Plaintiff's counsel is competent and experienced in consumer class actions.

42.     Harley Credit has acted on grounds generally applicable to the class, thereby making final relief appropriate with respect to the class as a whole.

43.     The questions of law and fact common to the class predominate over any questions affecting only individual members.

44.     The class members are consumer debtors who may be unable to locate or afford to hire lawyers.  The modest size of the individual claim(s) further supports aggregation in the class forum.

## UNIFORM COMMERCIAL CODE

45.     Plaintiff repeats the allegations set forth above as if the same were set forth at length herein.

46.     The MVSFA and UCC both govern the procedures for repossession of motor vehicles in Pennsylvania and are read in *pari materia*.

47.     Defendants violated Pennsylvania's Uniform Commercial Code by failing to provide proper or accurate notice of repossession of collateral as set forth above.

48.     Defendant Harley Credit failed to act in a commercially reasonable manner by failing to provide commercially reasonable notice of disposition, 13 Pa. C.S. § 9610; 9611.

**WHEREFORE**, Plaintiff William Hudson prays that this Court certify the matter as a class action and enter judgment for Plaintiff and the Class members:

a.      Awarding statutory damages to Plaintiff and to the Class as provided by the UCC, 13 Pa. C.S. § 9625(c);

b.      Declaring that the repossession notice used by Defendants in respect to Plaintiff and the Class fails to comport with the provisions of Pennsylvania law;

8

Case# 2010-31627-0 Received at Montgomery County Prothonotary on 10/28/2010 1:13 PM, Fee = $251.00

    c.     Granting such other and further relief as may be deemed just and proper.

**V.**    <u>**DEMAND FOR JURY TRIAL**</u>

    Plaintiff demands a trial by jury as to all issues so triable.

                  Respectfully submitted:

Date:

                  CARY L. FLITTER
                  THEODORE E. LORENZ
                  ANDREW M. MILZ

                  LUNDY, FLITTER, BELDECOS &
                  BERGER, P.C.
                  450 N. Narberth Avenue
                  Narberth, PA  19072
                  (610) 822-0782

                  Attorneys for Plaintiff and the Class

Case# 2010-31627-0 Received at Montgomery County Prothonotary on 10/28/2010 1:13 PM, Fee = $251.00

## VERIFICATION

I, WILLIAM HUDSON, do hereby state that the statements contained in the Class

Action Complaint are true and correct to the best of my knowledge, information, and

belief. I make this statement with the knowledge that the statements contained herein are

made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn

falsification to authorities.

DATE: _10/27/10_

_WILLIAM HUDSON_

Case# 2010-31627-0 Received at Montgomery County Prothonotary on 10/28/2010 1:13 PM, Fee = $251.00

# EXHIBIT "A"

Reference No. 4269

Eaglemark Savings Bank

A Subsidiary of Harley-Davidson Credit Corp.

**PROMISSORY NOTE (SIMPLE INTEREST) AND SECURITY AGREEMENT ("CONTRACT")**

| BORROWER Name and Address | CO-BORROWER Name and Address | LENDER Name and Address |
|---|---|---|
| WILLIAM C HUDSON 817 NORTHRIDGE DRIVE NORRISTOWN PA 19403 | | Eaglemark Savings Bank ("ESB") P.O. Box 22048 Carson City, NV 89721-2048 |

Definitions. The words "You" and "Your" mean the Borrower and Co-Borrower(s), if any, who sign(s) below. The word "Lender" means Eaglemark Savings Bank, its successors and assigns ("ESB"). The word "Contract" means this Promissory Note and Security Agreement. The word "Vehicle" means the motorcycle and/or motor vehicle, described more fully below.

Promise to Pay. You promise to pay to the Lender the Amount Financed plus interest figured on a daily basis on the unpaid balance as set forth in this Contract and in the Truth in Lending Disclosures set forth below.

**DESCRIPTION OF PURCHASE**

| MAKE | YEAR | NEW/USED | MODEL | COLOR | VEHICLE IDENTIFICATION NO. |
|---|---|---|---|---|---|
| HARLEY | 2007 | NEW | FXSTC | RED/BLK PRLSMOC | 1HD1JL5157Y076537 |

Description of the body and major items of equipment sold:

Description of Sale Terms from Bill of Sale:

| | | |
|---|---|---|
| A. Cash Price of Vehicle (including accessories) | $ 17,133.95 | (A) |
| B. Total Net Down Payment (cash, plus trade-in allowance if any, minus prior credit or lease payoff if any) | $ | (B) |
| C. Unpaid Balance of Cash Price (A - B = C; C must equal amount in Item 3-A, below) | $ 17,133.95 | (C) |

**TRUTH IN LENDING DISCLOSURES**

| ANNUAL PERCENTAGE RATE The cost of Your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost You. (Estimate) | Amount Financed The amount of credit provided to You or on Your behalf. | Total of Payments The amount You will have paid after You have made all payments as scheduled. |
|---|---|---|---|
| 6.990 % | $ 4,421.73 | $ 16,206.19 | $ 22,627.92 |

Prepayment. If You pay off all Your debt early, You will not have to pay a prepayment premium or penalty.

Security Interest. You are giving a security interest in this goods or property being purchased.

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments are Due | Or as Follows |
|---|---|---|---|
| 84 | 269.38 | Monthly Beginning 7/30/2007 | UNTIL PAID IN FULL |

Late Charge. If any payment is more than ten (10) days late, You will be charged $10 or 5% of the late amount, whichever is greater, with a maximum of $50.

Additional Information. See the other side of this Contract for more information including information about repayment, default, any required repayment in full before the scheduled date, and security interest.

**ITEMIZATION OF AMOUNT FINANCED**

| | | | |
|---|---|---|---|
| 1. Amount Given to You Directly | | N/A | (1) |
| 2. Amount Paid on Your Account | | N/A | (2) |
| 3. Amount Paid to Others on Your Behalf | 4269 | | |
| A. To (Dealer Name & No.) SMALTZ'S HARLEY DAVIDSON, INC. | | 17,133.95 | (A) |
| B. Cost of Required Physical Damage Insurance paid to insurance company* | | N/A | (B) |
| C. Cost of Optional Service Contract* To | | N/A | (C) |
| D. Cost of Optional Credit Insurance paid to insurance company* | | N/A | (D) |
| E. Cost of Optional GAP Contract* To | | N/A | (E) |
| F. Cost of Optional Debt Protection* To | | N/A | (F) |
| G. Government license and/or registration fees paid to public officials (describe): | | | (G) |
| H. Government Certificate of Title Fees paid to public officials | | 47.50 | (H) |
| I. Taxes (describe): To STATE OF PA For SALES TAX | | 1,024.74 | (I) |
| J. Other charges (identify who will receive payment and describe purpose):* To For | | N/A | (J) |
| To For | | N/A | |
| To For | | N/A | |
| Total Amount Paid to Others on Your Behalf (add A thru J) | | 18,206.19 | |
| 4. Amount Financed (1 + 2 + 3) | | 16,206.19 | |

*Dealer/Seller and/or Lender and/or others may retain, or receive, a portion of these amounts. You Authorize the Lender to disburse funds as specified above in this Itemization of Amount Financed. The Annual Percentage Rate may be negotiated with the dealership that sold You the Vehicle. We may share part of the Finance Charge with the dealership that sold You the Vehicle.

**INSURANCE, FINANCING, AND OTHER PRODUCTS**

NOTICE: No person is required, as a condition of obtaining this loan, to purchase Optional Credit Insurance, Optional Service Contract, Optional GAP Contract or Optional Debt Protection, or to purchase, or negotiate, any insurance through a particular insurance company, agent or broker.

Required Physical Damage Insurance. Physical damage insurance is required, but You may include it from whoever You want who is acceptable to the Lender. If You choose to buy and finance this insurance through Lender, the cost of this insurance is shown in Item 3B of the ITEMIZATION OF AMOUNT FINANCED section.

THIS SECTION MUST BE COMPLETED

Insurance Company: MARKEL AMERICAN INS

Telephone Number: (800)832-4449

Term: Months

Optional Service Contract. If You choose to buy and finance this product, the cost of this coverage is shown in Item 3C of the ITEMIZATION OF AMOUNT FINANCED section. See your service contract for details on the protection it provides.

Optional GAP Contract. If You choose to buy and finance a GAP contract, the cost is shown in Item 3E of the ITEMIZATION OF AMOUNT FINANCED section. See your GAP contract for details on this protection it provides.

Borrower has requested Lender to include in the balance due under this Contract the following insurance, financing and/or service products. Borrower has requested Lender to procure insurance, financing, and/or service products upon the Vehicle

Case# 2010-31627-0 Received at Montgomery County Prothonotary on 10/28/2010 1:13 PM, Fee = $251.00

Telephone Number: (800)632-4449
Term ____ Months
☐ 3 ____ SOLD Desirable Collision and other
☐ Full Comprehensive (includes Fire, Theft and Combined Additional Coverage.)
☐ 3 ____ SOLD Deductible Comprehensive (includes Fire, Theft and Combined Additional Coverage).

Optional Credit Insurance. If You want this protection, check the program desired. If You have chosen this protection, and if You finance this protection, the cost is shown in Item 3D of the ITEMIZATION OF AMOUNT FINANCED section. Credit life insurance is based upon the payment schedule and then shown above. This protection may not pay all You owe on this contract if You make late payments. Disability protection covers the original payment amount of the term shown in the TRUTH IN LENDING DISCLOSURES above. If You make late payments, disability protection will not pay all of Your payments. Please refer to the separate agreement for any chosen program for details on the protection it provides.
Credit Life:  Borrower ☐  Co-Borrower ☐  Joint ☐
Credit Disability: Borrower ☐  Joint (Where applicable) ☐

Optional Debt Protection. If you purchase and finance this product, the cost is shown in Item 3F of the ITEMIZATION OF AMOUNT FINANCED section. See your Debt Protection contract for details on the protection it provides.
CHOOSE ONLY ONE
Plan 1 ☐ Borrower only: Accidental Loss of Life, Total Disability (TD), and Involuntary Unemployment (IU).
Plan 2 ☐ Co-Borrower only: Accidental Loss of Life, Total Disability (TD), and Involuntary Unemployment (IU).
Plan 3 ☐ Accidental Loss of Life for Borrower and Co-Borrower; Total Disability (TD) and Involuntary Unemployment (IU) for Borrower only.
Plan 4 ☐ Accidental Loss of Life for Borrower and Co-Borrower; Total Disability (TD) and Involuntary Unemployment (IU) for Co-Borrower only.

Borrower has requested Lender to include in the balance due under this Contract the following insurance, financing and/or service products. Borrower has requested Lender to provide insurance, financing and/or service products upon the Vehicle described above. No insurance will be in force until accepted by the insurance carrier.

| TYPE | COST (SEE ITEM __) | Signature (If financed) | Decline in Purchase |
|------|------|------|------|
| Credit Life (Borrower) | $ | I want Credit Life X | |
| Credit Life (Co-Borrower) | $ N/A | I want Credit Life X | |
| Credit Life (Joint) | $ | We want Credit Life X | |
| Credit Life & Disability (Borrower Only) | $ | I want Credit Life X | |
| Credit Life & Disability (Borrower only) | $ N/A | I want Credit Life & Disability X | |
| GAP Contract (Borrower Only) | $ N/A | I want GAP Contract X | |
| Debt Protection | $ N/A | I want Debt Protection X ____ Co-Borrower | |

**THE INSURANCE REFERRED TO IN THIS CONTRACT DOES NOT INCLUDE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS.**

**IMPORTANT SIGNATURES AND NOTICES**

**NOTICE: See the other side of this Contract for OTHER IMPORTANT AGREEMENTS.**
Do not sign this Contract before You read it or if it contains any blank spaces. You are entitled to a completed copy of this Contract. If You fail to perform Your obligations under this Contract, the Collateral may be repossessed and You may be liable for the unpaid indebtedness evidenced by this Contract.

You signed this Contract and received a copy on _____ June 30, 2007 _____
(Month)        (Day)        (Year)

Borrower/Co-Borrower obligations are joint and several to each. A Co-Borrower is a person who is responsible for paying the entire debt. Other Owner: An Other Owner is a person whose name is on the title to the Vehicle but who does not have to pay the debt. The Co-Borrower and/or Other Owner (if applicable) know that the Lender has a security interest in the property purchased in this transaction ("Collateral") and consents to the security interest.

BORROWER signs below                    CO-BORROWER signs below
By: X _____                  By: X _____
Print name                              Print name
WILLIAM C HUDSON
OTHER OWNER signs below                 Other Owner print name
By: X _____                  Other Owner Address

Revised 11/2004      White: ORIGINAL/EAGLEMARK    Yellow: BORROWER(S)    Pink: OTHER    Gold: RECORDING

Eaglemark Savings Bank

**A subsidiary of Harley-Davidson Credit Corp.**

## OTHER IMPORTANT AGREEMENTS

**1. Finance Charge.** The Finance Charge accrues each day at the Annual Percentage Rate on the unpaid balance of the Amount Financed until paid in full. Where applicable and not prohibited by law, the Lender will apply each payment first to any past due amounts on the account in the following order: Finance Charges, Insurance Charges, Expenses, Fees and the unpaid balance of the Amount Financed. Where applicable and not prohibited by law, payments are then applied to the Monthly Payment Amount on the account in the following order: Finance Charges, Insurance Charges, Expenses, Fees and the unpaid balance of the Amount Financed. After all past due amounts (if applicable) and the Monthly Payment Amount are satisfied, any excess amount received will be applied to the unpaid balance of the Amount Financed.

**2. Late Payments and Early Payments.** The disclosures of the Finance Charge and Total of Payments are based on the assumption that You will make every payment on the day it is due, according to the Payment Schedule. Since the Finance Charge accrues daily, You will pay more Finance Charge and Your Finance Charge and Total of Payments will be more if You pay late. You will pay less Finance Charge and Your Finance Charge and Total of Payments will be less if You pay early. If You pay early, the effect will be that Your last payment will be smaller. If You pay late You may have one or more additional payments. The amount of such additional payment(s) will not exceed the amount shown on the Payment Schedule.

**3. Ownership and Risk of Loss.** You are the Lender all You owe under this Contract even if the Vehicle is damaged, destroyed or missing. You and any Other Owner agree to keep the Vehicle in good condition or repair. You and any Other Owner agree not to remove the Vehicle from the United States, and not to sell, rent, lease or otherwise transfer any interest in the Vehicle or this Contract without the Lender's written permission. You and any Other Owner agree to protect the Vehicle from claims of third persons. You and any Other Owner agree not to expose the Vehicle to misuse or confiscation. You and any Other Owner will make sure the Lender's security interest in (lien on) the Vehicle is shown on the title, or on other documentation acceptable to the Lender. You and any Other Owner agree to provide all acts, things and writings as the Lender may at any time request to protect or enforce its rights in the Vehicle and other collateral. You and any Other Owner will not do anything to defeat the Lender's lien. If the Lender pays any repair bills, storage bills, taxes, fines, or other charges on the Vehicle, You agree to repay the amount when the Lender asks for it.

**4. Security Interest.** You and any Other Owner grant the Lender a purchase money security interest in the Vehicle specified on the front of this Contract and any of the following that are purchased and financed in connection with this Contract: (1) any accessories, equipment, and replacement parts installed on the Vehicle; (2) any insurance premiums and charges for service, debt protection or GAP contracts returned to the Lender; (3) any proceeds of insurance policies, service, debt protection or GAP contracts on the Vehicle; and (4) any proceeds of insurance policies on Your life or health which are financed through this Contract. This purchase money security interest is in addition to any other security interest or lien the Lender holds, or which You are required to provide as a condition of this Contract. We will also sell property subject to a security interest or lien in the Lender's favor is called the "Collateral." The Collateral secures payment of all amounts You owe on the Contract and on any transfer, renewal, extension or assignment of this Contract. It also secures Your other agreements in this Contract. To the extent permitted by applicable law, the Collateral under this Contract also secures Your other obligations to Lender, whether now owing or incurred after the date of this Contract.

**5. Waiver of Suretyship Defenses by Other Owner.** Any Other Owner agrees that Lender may, without notice to or consent from the Other Owner, modify, waive, or enforce any of Lender's rights against a Borrower without affecting Lender's rights with respect to the Collateral or the Other Owner, even if such action affects the Other Owner's rights with respect to the Collateral or the Borrower. Any Other Owner waives (i) any right to require Lender to proceed against any person or property, or exercise any remedy, before enforcing Lender's rights with respect to the Collateral or the Other Owner; (ii) all presentments, protests, demands and notices of protest, dishonor and non-performance; and (iii) any defense arising out of enforcement of Lender's rights with respect to the Collateral or a Borrower, even if such enforcement results in the loss of subrogation, reimbursement or other rights that the Other Owner may have against a Borrower.

**6. Prepayment.** You may prepay the unpaid balance of the Amount Financed in full or in part at any time without penalty. If You do so, You must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of payment.

**7. Required Physical Damage Insurance.** You agree to have physical damage insurance covering loss or damage to the Vehicle for the term of this Contract, showing the Lender (and its successors and assigns) as "additional insured and loss payee." At any time during the term of this Contract, if You do not have physical damage insurance which covers both Your interest and the Lender's interest in the Vehicle, then the Lender may buy it for You. If the Lender does not buy physical damage insurance which covers both interests in the Vehicle, it may, if it decides, buy insurance which covers only the Lender's interest.

The Lender is under no obligation to buy any insurance, but may do so, if it desires. If the Lender buys either of these coverages, it will let You know what price is it and the charge You must pay. The charge will consist of the cost of the insurance and a finance charge, at the Annual Percentage Rate in this Contract, subject to limits under applicable laws.

**8. Late Charge.** You will have to pay a late charge on each payment received by the Lender more than ten (10) days late. The charge is shown on the front side of this Contract. Acceptance of a late payment or late charge does not excuse Your late payment or mean that You can keep making payments after they are due. The Lender may also take the steps set forth in the other applicable sections of this Contract if there is any late payment.

**9. Dishonored Check Charge.** The Lender may charge you a $35 Fee for the return by a depository institution of a dishonored check, negotiable order of withdrawal or share draft issued in connection with any payment due under this Contract.

**10. Optional Insurance, Financing, and Service or GAP Contracts.** This Contract may contain charges for optional insurance, debt protection, and service or GAP contracts. If the Vehicle is repossessed, You agree that the Lender may claim benefits under these contracts and terminate them to obtain refunds of unearned charges.

**11. Insurance, Financing, and Service or GAP Contract Refunds Received by Lender.** If any refund of premium for required insurance is received by the Lender, it

may be credited to Your account or used to buy similar insurance or insurance which covers only the Lender's interest in the Collateral. Any refund on Optional insurance, debt protection, and service or GAP contracts will be credited to Your account. You will be notified of what is done. These credits will be applied first against accumulated Finance Charges and then against the unpaid balance of the Amount Financed. They will not excuse You from making payments in accordance with the Payment Schedule on the front of this Contract.

**12. Default; Required Payment in Full Before Scheduled Date.** If You fail to pay any payment when due; if You die or are declared legally incompetent; if a proceeding in bankruptcy, receivership or insolvency is started by You or against You or Your property; or if You break any of the agreements in this Contract (default), the Lender can demand that You pay in full either 1) all past due payments, or 2) all You owe all this Contract, at once (not just past due payments), depending on state laws. After default, interest will continue to accrue at the interest rate (Annual Percentage Rate) shown on the front of this Contract.

If You reside in CO, CT, DC, IL, IA, KS, LA, ME, MD, MA, MO, NE, SC, WV, or WI, You will have an opportunity to cure your default by paying the unpaid past due payments plus the earned and unpaid part of the Finance Charge, any late charge, and any amounts due because You did not keep Contract promises.

**13. Repossession of Vehicle for Default of Contract. Repossession means that** (1) If You fail to pay according to the Payment Schedule or (2) If You fail to cure your default in those states where the Lender may not take your Vehicle until You are given the right to cure Your default, or (3) If You break any of the agreements in this Contract (default), the Lender can take the Vehicle from You. To take the Vehicle the Lender can enter Your property, or the property where the Vehicle is stored, so long as it is done peacefully. If there is any personal property in or on the Vehicle, such as clothing, the Lender may store it for You. Any accessories, equipment or replacement parts will remain with the Vehicle.

**14. Getting the Vehicle Back After Repossession.** If the Lender repossesses the Vehicle, You have the right to get it back. If you reside in CA, CT, DC, IL, MS, NY, OH, or WI, which mandates by law Your right to reinstate Your Contract", You may get the Vehicle back by paying the unpaid past due payments plus the earned and unpaid part of the Finance Charge and all other amounts due as allowed by law, including the cost of taking and storing the Vehicle and other expenses that the Lender has incurred.

If you reside in any other state, You may redeem the Vehicle by paying the entire amount You owe on the Contract (not just past due payments). The amount You owe will be the entire unpaid balance of the Amount Financed plus the earned and unpaid part of the Finance Charge and all other amounts due, including the cost of taking and storing the Vehicle and other expenses that the Lender has incurred. Your right to redeem will end when the Vehicle is sold by the Lender.

**15. Sale of the Repossessed Vehicle.** The Lender will mail a written notice of sale to You no less than ten (10) and no more than (20) days (depending on the state you reside in) before selling the Vehicle. If You do not redeem the Vehicle, reinstate Your Contract, or cure Your default (whichever is applicable) by the date on the notice, the Lender can sell it. The Lender will use the net proceeds of the sale to pay all or part of Your debt.

The net proceeds of sale will be figured this way: Any late charges and any charges for taking and storing the Vehicle, cleaning and advertising, etc., and either a portion, or all, of any attorney's fees (where permitted by state law) and court costs will be subtracted from the selling price, depending on State laws.

If You owe the Lender less than the net proceeds of sale, the Lender will pay You the difference, unless the Lender is required to pay it to someone else. For example, the Lender may be required to pay another lender who has given you a loan and also takes a security interest in the Collateral.

If you owe more than the net proceeds of the sale, You may be liable for payment to the Lender of the difference between the proceeds of the sale and what you owe (deficiency balance) when the Lender asks for it, unless prohibited by state laws. If You do not pay this amount when asked, You may also be charged interest on the deficiency balance at the Annual Percentage Rate in this Contract, subject to limits under applicable laws, until You do pay all You owe to the Lender.

**16. Collection Costs.** If the Lender hires an attorney to collect what You owe, You will pay the collection costs, reasonable attorney's fees (where permitted by state law) and any court costs.

**17. Delay in Enforcing Rights; Changes to This Contract.** The Lender can delay or refrain from enforcing any of its rights under this Contract without losing them. For example, the Lender may extend the time for making some payments without extending others.

You agree to be bound by any document provided by the Lender that changes the terms and conditions of this Contract due to state and federal law requirements. Any change in terms of this Contract must be in writing and signed by the Lender. No oral changes are binding. If any part of this Contract is not valid, all other parts will remain enforceable.

**18. Statements.** Upon written request from You, the Lender will provide You with a written statement of the date and amount of payments and the total amount unpaid on this Contract.

**19. Applicable Law.** This Contract has been authorized for acceptance as is deemed to have been executed in Carson City, Nevada. Eaglemark Savings Bank is chartered and regulated by the State of Nevada Department of Business and Industry Financial Institutions Division. This Contract and Your account will be governed by the laws of the State of Nevada and applicable Federal laws. If any provision of this Contract is prohibited by applicable law, such provision will be void, but the remaining provisions will remain valid and enforceable.

**20. Warranties Lender Disclaims.** You understand that the Lender is not offering any warranties and that there are no implied warranties of merchantability, of fitness for a particular purpose, or any other warranties, expressed or implied by the Lender, covering the Collateral.

This provision does not affect any warranties covering the Collateral which may be provided by the manufacturer of the vehicle.

**21. Notice of Assignment.** Upon receipt and funding of this Contract by ESB, this Contract will automatically be assigned to Harley-Davidson Credit Corp., pursuant to the Master Assignment Agreement in effect between ESB and Harley-Davidson Credit Corp.

**22. Questions on Your Account.** To contact the Lender about this account, call (800) 699-2336.

* Note: Some cure and reinstatement states place limits on how often You may cure Your

Case# 2010-31627-0 Received at Montgomery County Prothonotary on 10/28/2010 1:13 PM, Fee = $251.00

Case# 2010-31627-0 Received at Montgomery County Prothonotary on 10/28/2010 1:13 PM, Fee = $251.00

* Note: Some cure and reinstatement states place limits on how often You may cure Your default within a specified time or during the term of Your obligation, or reinstate Your Contract after repossession of the Vehicle.

**NOTICE:** ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF.  RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

Case# 2010-31627-0 Received at Montgomery County Prothonotary on 10/28/2010 1:13 PM, Fee = $251.00

# EXHIBIT "B"

 **Harley-Davidson Financial Services**

**HARLEY-DAVIDSON CREDIT**
P.O. Box 21908
Carson City, NV  89721-1908

TEL 800.828.1389
FAX 775.888.3989
www.hdfsi.com

October 6, 2009

**Sent Via: Certified Mail**

Description of Property (the "Collateral"):
Account Number: ▓▓▓▓▓▓▓0361
Year:  2007 Make: HD Model: FXSTC
VIN: ▓▓▓▓▓▓▓▓6537

Mr. William C. Hudson
817 Northridge Drive
Norristown, PA 19403

**NOTICE OF OUR PLAN TO SELL PROPERTY**

Dear Mr. Hudson:

Since you have not made your payments, we have taken back the Collateral described above.

To get the Collateral back you must pay off your loan, which includes but is not limited to the outstanding balance, plus interest and expenses to Harley-Davidson Credit Corp. at P.O. Box 21908 Carson City, NV 89721-1908 any time before the sale of the Collateral.  As of the date of this letter you must pay:

| | |
|---|---|
| Outstanding Balance plus interest | $14141.92 |
| Expenses (estimated) | $600.00 |
| **Total** | **$14741.92** |

Funds must be received by date of sale.  To learn the exact amount you must pay, call us at 800.828.1389

We will sell the Collateral at a private sale sometime after October 16, 2009.  A sale could include a lease or license.

The money that we get from the sale (after paying our costs) may reduce the amount you owe.  If we get less money than you owe, you will still owe us the difference.  If we obtain more money than you owe at the sale, you will get the extra money, unless we must pay it to someone else.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at 800.828.1389 or write us at P.O. Box 21908 Carson City, NV 89721-1908 and request a written explanation.  If you need more information about the sale, call us at 800.828.1389 or write us at Harley-Davidson Credit Corp. P.O. Box 21908 Carson City, NV 89721-1908.

We are sending this notice to the following other people (if any) who have an interest in the above-described Collateral or who owe money under your agreement:

**HARLEY-DAVIDSON CREDIT CORP.**

**NOTICE**
Harley-Davidson Credit Corp. is attempting to collect a debt on its own behalf, and any information obtained will be used for that purpose

PA Redeem
Revised 8/2008

Case# 2010-31627-0 Received at Montgomery County Prothonotary on 10/28/2010 1:13 PM, Fee = $251.00