**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM HUDSON, individually and on behalf of all others situated<br>　　　　　Plaintiff,<br>　　　v.<br>EAGLEMARK SAVINGS BANK<br>　　　　　and<br>HARLEY-DAVIDSON CREDIT CORP.<br>　　　　　Defendants. | :<br>:<br>:<br>:　CIVIL ACTION NO. 10-CV-6994(JP)<br>:<br>:<br>:<br>: |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

Cary L. Flitter
Theodore E. Lorenz
Andrew M. Milz
Lundy, Flitter, Beldecos & Berger, P.C.
450 North Narberth Avenue
Narberth, PA 19072
610-822-0782

Timothy T. Myers
Mark A. Kearney
Krista K. Beatty
ELLIOTT, GREENLEAF & SIEDZIKOWSKI P.C.
Union Meeting Corporate Center V
925 Harvest Drive
Suite 300
Blue Bell, PA 19422
(215) 977-1016

**Attorneys for Plaintiff**

**TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION ................................................................................................................. 1

II. BRIEF STATEMENT OF THE FACTS ........................................................................... 1

III. PROCEDURAL POSTURE ............................................................................................. 3

IV. LEGAL ARGUMENT ....................................................................................................... 3

  A. Standard for Motion to Dismiss ..................................................................................... 3

  B. Hudson States a Claim for Violation of Pennsylvania's Uniform Commercial Code ................................................................................................................................. 4

    1. Importance of UCC Notice Provisions ....................................................................... 4

    2. The Amended Complaint States a Claim for Inadequate Notice of Sale and Harley-Davidson has not Sought Dismissal of this Claim. ........................................... 5

    3. The Amended Complaint States a Claim for Inadequate Identification of Deficiency Liability and Harley-Davidson has not Sought Dismissal of this Claim ................................................................................................................... 7

V. CONCLUSION ..................................................................................................................... 9

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (U.S. 2009) .............................................................................. 3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................................ 3

*Cosgrove v. Citizens Bank,* 2010 WL 3370760 (E.D. Pa. Aug. 26, 2010) .................................... 5

*Coy v. Ford Motor Credit Co.,* 618 A.2d 1024 (Pa. Super. 1993) ................................................. 7

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) ............................................................ 3

*Holk v. Snapple Beverage Corp.*, 575 F. 3d 329 (3d Cir. 2009) .................................................... 5

*In Re Bristol Assoc.*, *Inc.*, 505 F.2d 1056 (3d Cir. 1974) ............................................................... 6

*In Re Massaquoi,* 412 B.R. 702 (E.D. Pa. Bky. 2008) .................................................................. 4

*Industrial Valley Bank v. Nash*, 502 A.2d 1254 (Pa. Super. 1985) ....................................... 5, 6, 7

*Leitch v.MVM*, *Inc.,* 2004 WL 1638132 (E.D. Pa. July 22, 2004) ................................................ 6

*Manning v. Princeton Consumer Discount*, 380 F. Supp. 116 (E.D. Pa. 1974) ............................ 7

*McCall v. Drive Fin. Serv., Inc.*, 2006 WL 6233425 (Phila. C.C.P. April 10, 2009) ..... 2, 3, 4, 6, 7

*Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) ...................................................... 3

*United States v Witmer*, 835 F. Supp. 201 (M.D. Pa. 1993) ......................................................... 6

**Statutes**

13 Pa. C.S. § 9611 .......................................................................................................................... 7

13 Pa. C.S. § 9611(b) ..................................................................................................................... 4

13 Pa. C.S. § 9612 ...................................................................................................................... 4, 7

13 Pa. C.S. § 9612(a) ..................................................................................................................... 7

13 Pa. C.S. § 9612(b) ..................................................................................................................... 7

13 Pa. C.S. § 9613 .......................................................................................................................... 6

13 Pa. C.S. § 9613(1) ..................................................................................................................... 6

13 Pa. C.S. § 9613(1)(v) ................................................................................................................ 6

13 Pa. C.S. § 9614............................................................................................................... 6, 7, 8

13 Pa. C.S. § 9614(1) ................................................................................................................ 6

13 Pa. C.S. § 9614(1)(ii) ........................................................................................................ 7, 8

13 Pa. C.S. § 9614(2) ................................................................................................................ 8

13 Pa. C.S. § 9614(3) ................................................................................................................ 7

13 Pa. C.S. § 9614(5) ................................................................................................................ 8

13 Pa. C.S. § 9625(c)(2)............................................................................................................ 3

13 Pa. C.S. 9-504(3)................................................................................................................. 6

69 P.S. § 623D .......................................................................................................................... 7

28 U.S.C. § 1332(d). ................................................................................................................. 3

**Other Authorities**

JJ White & RS Summers, *Uniform Commercial Code*, § 26-9 (2d Ed. 1980) ............................... 5

**Rules**

F. R. Civ. P. 12(b)(6) ................................................................................................................ 3

F. R. Civ. P. 15(a) ..................................................................................................................... 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM HUDSON, individually and on behalf of all others situated<br>    Plaintiff,<br>  v.<br>EAGLEMARK SAVINGS BANK<br>  and<br>HARLEY-DAVIDSON CREDIT CORP.<br>    Defendants. | CIVIL ACTION NO. 10-CV-6994(JP) |

## **ORDER**

AND NOW, this _____ day of _____, 2011, upon consideration of Defendants' Motion to Dismiss (Doc. 17) and Plaintiff's Opposition thereto (Doc. ____),

Plaintiff having advised in his brief that the claims set forth in ¶ 43(c) through (g) of the Amended Complaint are not being pursued and may be deemed withdrawn,

The Court finds that the Plaintiff states a claim for a violation of Pennsylvania's Uniform Commercial Code and Defendants' Motion to Dismiss is otherwise denied.

                    _____
                    U.S.D.J.

I. **INTRODUCTION**

Defendants Eaglemark Savings Bank ("ESB") and Harley-Davidson Credit Corp. ("HDCC") have filed a Motion to Dismiss accompanied by a 31 page brief— 28 pages of which consist of dense legal argument addressing a cause of action that Hudson has not asserted. Hudson has filed a one count, one state, one statute class complaint for violation of Pennsylvania's Uniform Commercial Code ("UCC") notice requirements. The two principal violations complained of -- inadequate notice of sale (10 days rather than 15) and omitting to tell the consumer that any sale proceeds will reduce the amount owed -- are not so much as mentioned as a basis for dismissal in the Defendants' motion papers. Because Defendants have not advanced any argument why these deviations from the statutory requirement fail to state a claim, and because the UCC is surely violated if the Plaintiff's allegations are true, Defendants' Motion to Dismiss must be denied.

II. **BRIEF STATEMENT OF THE FACTS**

Plaintiff William Hudson visited a local Harley-Davidson dealer in 2007 where he purchased a new Harley-Davidson motorcycle. Smaltz Harley-Davidson is an authorized franchised dealer who arranged for financing for the bike through Harley-Davidson's captive financing arm, HDCC. Smaltz acted as lender's agent for the loan transaction. (Am. Compl. ¶ 11-13, 20-24) HDCC financed the sale of the Harley through its subsidiary ESB, but then immediately took back an assignment of the loan agreement. (Am. Comp. ¶ 9-10, 26-28) After making payments for about two years, Mr. Hudson fell behind on his payments in 2009. On or about October 6, 2009, HDCC as the lender and secured party, had the bike repossessed. (Am. Compl. ¶ 29-31)

Pennsylvania law requires post-repossession notice to the borrower and HDCC sent Hudson a Notice of Plan to Sell Property ("Notice") letter dated October 6, 2009. (Am. Compl. ¶ 33-34, referencing the Notice, Exhibit "C" to Am. Compl.) The Notice states that Hudson's motorcycle was "taken back" (repossessed) by HDCC and that HDCC will sell the "collateral at a private sale sometime after October 16, 2009." The stated October 16 date was only 10 days from the date of the October 6, 2009 Notice. (Am. Compl. ¶ 35, 36)

In addition to the statutory notice requirement, the contract, at ¶15, provided that the number of days advance notice of sale would depend upon the state of the borrower's residence, specifically stating: "the lender will mail a written notice of sale to you no less than ten (10) days and no more than twenty (20) days (depending on the state you reside in) before selling the vehicle." Pennsylvania is a 15 days notice state, and a minimum of 15 days notice of sale should have been provided in the Notice. (Am. Compl. ¶ 35-36)

Plaintiff's Amended Complaint avers that HDCC failed to provide proper post-repossession Notice of disposition of collateral to Hudson (and the class he seeks to represent) by failing to provide adequate advance notice of sale of the vehicle, and failing to advise the consumer that money the creditor gets from any sale will reduce the amount claimed to be owed. (Am. Compl. ¶ 43(a), (b)). There are several other shortcomings in the notice, *Id.*, but they are not significant for purposes of this motion.[1] Because of the defects in the Notice, HDCC failed to comply with the provisions governing secured parties under the UCC and did not act in a

---

[1] Most of Defendants' arguments instantly were made and rejected in *McCall v. Drive Fin. Serv., Inc.*, 2006 WL 6233425 (Phila. C.C.P. April 10, 2009). *McCall* is a very similar UCC notice class action that also challenged inadequate (10 day rather than 15 days) notice. That said, in order to simplify Plaintiff's case and avoid a pointless and tedious excursion deep into the bowels of the MVSFA, Plaintiff shall not pursue the other shortcomings in HDCC's Notice that are alleged at ¶ 43(c)-(g) of the Amended Complaint. As such, Plaintiff rests his case upon ¶ 43(a) – inadequate notice of sale and ¶ 43(b) failure to properly describe liability for any deficiency by advising that sale proceeds will reduce the amount of the debt. Both of these derive directly from the UCC.

commercially reasonable manner toward Plaintiff and the Class. (Am. Compl. ¶ 43) The failure to follow the Notice requirements of Article 9 yields minimum statutory damages under 13 Pa. C.S. § 9625(c)(2); *McCall,* 2006 WL 6233425 *2-3. Plaintiff seeks certification of a Pennsylvania class, and a classwide judgment for damages under that section of the Pennsylvania UCC. (Am. Compl. ¶ 45-48).

### III.    PROCEDURAL POSTURE

Hudson filed his case in the Court of Common Pleas of Montgomery County; Defendants removed the matter to this court on December 1, 2010, asserting CAFA jurisdiction, 28 U.S.C. § 1332(d). Defendants moved to dismiss and Plaintiff amended his complaint as of right under F. R. Civ. P. 15(a) (Doc 13). Defendants then filed a Motion to Dismiss the Amended Complaint (Doc 17) for failure to state a claim, which Hudson now opposes.

### IV.    LEGAL ARGUMENT

#### A.    Standard for Motion to Dismiss

A claim will survive a Rule 12(b)(6) motion to dismiss if "stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under a reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). As set forth below, Plaintiff amply states a claim for relief that is "plausible on its face." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (U.S. 2009)).

### B. Hudson States a Claim for Violation of Pennsylvania's Uniform Commercial Code

#### 1. Importance of UCC Notice Provisions

Unlike a mortgage foreclosure action where due process of law and a judicial order precedes the taking and sale of real estate pledged as collateral, a creditor who chooses to seize personal property pledge as collateral acts unilaterally and usually without notice. As a check on this power to seize the consumer's property, the UCC and other laws provide strict requirements for, *inter alia*, prompt and specific notice to the borrower. As the Court held in *In Re Massaquoi,* 412 B.R. 702, 708 (E.D. Pa. Bky. 2008):

> "The PUCC requires a secured creditor disposing of collateral to send the debtor a reasonable notification of disposition, 13 Pa. C.S. § 9611(b), within a reasonable time, 13 Pa. C.S. § 9612.[ ] The notice requirement is aimed at protecting a debtor from the unfair imposition of a deficiency claim by allowing him to attend or bring other potential buyers to the sale, thereby preventing a disposition of the collateral for less than its fair market value. It also ensures that the secured party proceeds in a commercially reasonable manner. Even if the debtor does not avail himself of the opportunities provided by the notice prior to the disposition, the notice allows him to more effectively challenge the disposition after its occurrence."(internal quotations and citations omitted).

As the Court recently held in a very similar UCC repossession notice case before it:

> "The legislature, through the UCC and the MVSFA, requires secured parties to provide consumers with specific, detailed notices of repossession and sale. Consumers are entitled by statute to deficiency notices post sale. Only by receiving a prompt deficiency notice can the consumer know whether a creditor will claim that the vehicle proceeds do not satisfy the remaining obligation and that the creditor intends to hold the consumer liable for a deficiency balance."

*McCall*, 2006 WL 6636892 *1.[2]

---

[2] Plaintiff cannot help but note that of over fifty cases cited by HDCC (some decades old from distant venues) the only case cited without a Westlaw citation was *McCall* – defense counsel's own case, and the one case almost on all fours instantly. For ease of reference, the *McCall* Opinion will be appended.

Post-repossession Notice is thus critical to the borrower. It advises the borrower how long he has to act, how long he has potentially to gather funds to reinstate, and how long he has— if he chooses— to check up on the creditor to assure that the collateral is being properly preserved and being sold, and how much he may be liable for if a shortfall ensues. *See Cosgrove v. Citizens Bank,* 2010 WL 3370760 *3 (E.D. Pa. Aug. 26, 2010)(proper notice animated in part upon the "forlorn hope that if he is [properly] notified, the borrower will either acquire enough money to redeem the collateral or send his friends to bid for it" *citing Industrial Valley Bank v. Nash*, 502 A.2d 1254, 1263 (Pa. Super. 1985) *quoting* JJ White & RS Summers, *Uniform Commercial Code*, § 26-9 (2d Ed. 1980).

### 2. The Amended Complaint States a Claim for Inadequate Notice of Sale and Harley-Davidson has not Sought Dismissal of this Claim.

Hudson's principal Complaint in this lawsuit, the first-listed in his cause of action, is that HDCC failed to provide adequate notice of sale of the repossessed vehicle. Pennsylvania law requires 15 days notice where HDCC's notification provided only 10 days notice. (Am Compl. ¶ 36, 43(a))  In the 2 ½ pages of Defendants' brief devoted to the UCC claim, the short-notice claim is neither argued nor briefed. (Def. br. 28-30). As such, that claim is not before the court and cannot be the subject of dismissal. *See Holk v. Snapple Beverage Corp.*, 575 F. 3d 329, 335-36 (3d Cir. 2009)(claim advanced in complaint that was not raised in Motion to Dismiss may not form the basis for grant of Motion to Dismiss).  In the absence of a specific challenge and briefing on the short-notice issue, HDCC's generic assertion that their NOI "fully complies with


the language of the Code" is entirely inadequate to place the issue before the court instantly.[3]  *Id.*

Without intending to "waive Defendants' waiver," Plaintiff shall briefly discuss the basis for his short-notice claim. The UCC itself requires the secured party to state in the Notice "the time after which [any private, non-public] sale is to be made." § 9613(1)(v). The Official Comment to the UCC § 9613 provides that:

> "To comply with the 'reasonable authenticated notification' requirement of Section 9-611(b), the contents of a notification must be reasonable... (The reference to 'time' of disposition means here, as it did in former Section 9-504(3), not only the hour of the day but also the date)."[4]

Under Pennsylvania law, the official comments to the UCC are entitled to substantial weight. *In Re Bristol Assoc., Inc.*, 505 F.2d 1056, 1058 n.2 (3d Cir. 1974). 13 Pa. C.S. § 9614 governs notice in consumer transactions; it incorporates the disclosures required by § 9613(1). *See* § 9614(1). Notice that fails to provide a correct statement of the time after which a disposition of collateral may be made is not commercially reasonable under the UCC. *Id. See also Nash,* 502 A.2d at 1263-64; *McCall*, 2006 WL 6233425 *1-2.

Recall, too, that HDCC promised in the loan agreement to provide "a written notice of sale to you not less than 10 nor more than 20 days (depending upon the state in which you live) before selling the vehicle." HDCC recognizes, as does the entire lending industry, that Pennsylvania requires 15 days notice. The Amended Complaint avers 15 days notice. (Am. Compl. § 36). HDCC does not challenge the 15 days notice requirement in its lengthy brief nor does its contract state that only 10 days is sufficient.

---

[3]    Of course, a party must advance its argument in its opening brief so as to place the matter in issue and not wait to raise an argument in a reply brief. *See e.g. United States v Witmer*, 835 F. Supp. 201, 204 (M.D. Pa. 1993); *Leitch v. MVM, Inc.* 2004 WL 1638132 *10 (E.D. Pa. July 22, 2004).

[4]

The UCC, 13 Pa. C.S. § 9612 speaks to timeliness of notice. Ten days notice of sale is sufficient in a <u>commercial</u>, non-consumer transaction. § 9612(b). In a consumer transaction, "whether a notification is sent within a reasonable time is a question of fact" *See* § 9612(a) and Cmt. 2 ("one aspect of a reasonable notification is its timeliness.")

The UCC, of course, is a statute of broad application and Article 9 applies to all manner of secured transactions. The MVSFA applies specifically to motor vehicle finance transactions and repossessions. The MVSFA requires 15 days notice. 69 P.S. § 623D. Notwithstanding HDCC's disdain for the MVSFA, the Courts have uniformly applied it to require 15 days notice for a vehicle repossession. *See e.g. Nash* at 1263-64; *Coy v. Ford Motor Credit Co.,* 618 A.2d 1024, 1026 (Pa. Super. 1993); *McCall v. Drive*, *1-2. Despite these uniform authorities and the clear allegations of short notice throughout Plaintiff's Amended Complaint, HDCC has not cited the Court to a single authority holding 10 days notice sufficient.[5] But if *arguendo* one did not even consider the MVSFA or the string of precedent requiring 15 days, Plaintiff submits the reasonableness of the notice period would then be "a question of fact" under the Code. 13 Pa. C.S. § 9612(a). Plaintiff amply states a claim for violation of § 9611, 9612, 9614.

### 3. The Amended Complaint States a Claim for Inadequate Identification of Deficiency Liability and Harley-Davidson has not Sought Dismissal of this Claim

Plaintiff has also averred specifically that HDCC failed to properly advise the consumer of liability for any deficiency as required by § 9614(1)(ii) and § 9614(3). Plaintiff should have been told that money that the secured party gets from the sale, after paying its costs "will reduce the amount you owe" (Am Compl. ¶ 42, 43(b)). However, HDCC's Notice stated that "the

---

[5] HDCC cites to *Manning v. Princeton Consumer Discount*, 380 F. Supp. 116 (E.D. Pa. 1974) for the proposition that the federal court should look to the state courts for guidance on technical issues of state law. (Def. br. 13). Both the Superior Court and Common Pleas Court have interpreted the Pennsylvania UCC to require 15 days notice of sale in a consumer repossession setting.

7

money that we get from the sale (after paying our costs) **may reduce** the amount you owe." (emphasis added) While the precise language of the model form need not necessarily be used, 13 Pa. C.S. § 9614(2), the deliberate choice of those words in a uniform statute should not be taken lightly. "Will reduce" is very different from "may reduce," and the difference is not insignificant in light of the statutory objective to "describe *any liability* for a deficiency" § 9614(1)(ii). The natural inference to be drawn from the use of "may reduce" [the consumer's obligation] is that a payment received—or a portion of it—*may not reduce* the remaining obligation, whether due to forfeiture, auction rules, or other reasons. Put otherwise, the use of "may reduce [the amount you owe]" rather than "will reduce [the amount you owe]" is misleading with respect to [the consumer's] rights to proper offset and a correct deficiency calculation, if any. *See* 13 Pa. C.S. § 9614(5) and Cmt. 3. HDCC chose for its own reasons to deviate from the "model form" that it now tries to invoke. In doing so it misleads and vitiates any harbor the model form would provide.

The only passing reference HDCC makes to this error is to admit it. At page 29, where HDCC sets out a chart entitled "The Code's NOI Requirements", at the 5th block down, HDCC acknowledges that the "Model Form" (which HDCC contends it followed) should tell the consumer that "The money that we get from the sale (after paying our costs) **will reduce** the amount you owe" (emphasis added). HDCC admits as it must that it stated "may reduce" the amount you owe. Hudson plainly states a claim for violation of § 9614 and HDCC has neither argued nor briefed why the defective language it chose to employ would not violate.

By responding, in an abundance of caution, to an argument not levied by the Defendants, Plaintiff does not cede that the legal issue is properly before the Court or that it can be argued by HDCC for the first time in reply.

## V. <u>CONCLUSION</u>

HDCC has not argued or briefed why Hudson's two principal claims – short notice and description of any liability for deficiency – should be dismissed. Each amply states a claim upon which relief can be granted. Plaintiff will not pursue the other shortcomings in the Notice as pled in ¶ 43(c)-(g) of the Amended Complaint. Except to deem those allegations withdrawn, HDCC's Motion to Dismiss for failure to state a claim must be denied.

Respectfully submitted:

Date: 2/24/11

*/s/ Cary L. Flitter*
Cary L. Flitter
Theodore E. Lorenz
Andrew M. Milz
LUNDY, FLITTER, BELDECOS &
BERGER, P.C.
450 North Narberth Avenue
Narberth, PA 19072
610-822-0782

Timothy T Myers
Mark A. Kearney
Krista K. Beatty
ELLIOTT, GREENLEAF &
SIEDZIKOWSKI P.C.
Union Meeting Corporate Center V
925 Harvest Drive
Suite 300
Blue Bell, PA 19422
(215) 977-1016

**Attorneys for Plaintiff**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WILLIAM HUDSON, individually and on behalf of all others situated | : : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 10-CV-6994(JP) |
| EAGLEMARK SAVINGS BANK and HARLEY-DAVIDSON CREDIT CORP. | : : : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, CARY L. FLITTER, do hereby certify that I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to:

Andrew J. Soven, Esquire
Joe N. Nguyen, Esquire
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
**Attorneys for Defendants**
**Eaglemark Savings Bank and**
**Harley-Davison Credit Corp.**

Said document is available for viewing and downloading from the ECF system


Date:  1/24/11                                          */s/ Cary L. Flitter*
                                                        CARY L. FLITTER