Westlaw.

2006 WL 6233425 (Pa.Com.Pl.)

H

Court of Common Pleas of Pennsylvania,
First Judicial District.
Civil Trial Division.
Philadelphia County
Coleman McCALL, Jr., Individually and on behalf of all others Similarly situated,
v.
DRIVE FINANCIAL SERVICES, L.P. and Drive GP, LLC.
No. 00005.
January Term, 2006.

Opinion

Gary F. Di Vito, J.

Plaintiff brings this class action pursuant to Pennsylvania's Uniform Commercial Code ("UCC"), 13 Pa C.S. § 9601, et seq., and Pennsylvania's Motor Vehicle Sales Financing Act ("MVSFA"), 69 P.S. § 601, et seq. The legislature, through the UCC and the MVSFA, requires secured parties to provide consumers with specific, detailed notices of repossession and sale. Consumers are entitled by statute to deficiency notices post sale. Only by receiving a prompt deficiency notice can the consumer know whether a creditor will claim that the vehicle proceeds do not satisfy the remaining obligation and that the creditor intends to hold the consumer liable for a deficiency balance.

Plaintiff Coleman McCall alleges among other things, that Defendants Drive Financial Services, L.P. and Drive, GP, LLC, have violated state law notice requirements in connection with motor vehicle repossessions. There is no dispute that Defendants have utilized uniform procedures, forms and manner of notice with respect to their vehicle repossessions in the Commonwealth of Pennsylvania.

Defendant Drive Financial Services, L.P. ("Drive") is a Texas based automobile-finance company. When a consumer has defaulted on a loan, Drive repossesses and resells the consumer's vehicle that collateralizes the loan. In the course of repossessing vehicles belonging to plaintiff and the potential class, Drive failed both substantively and procedurally to provide plaintiff and the potential class with, among other information, the 15 day notice period required under (1) the UCC, (2) the parties' retail installment contract, and (3) the statute specifically governing repossession practice - the MVSFA.

The UCC requires a creditor to provide "reasonable authenticated notification of disposition" after repossessing a vehicle, 13 Pa. C.S. § 9611. The UCC does not itself define what is "reasonable" but looks to other sources for definition. The MVSFA is the Pennsylvania statute designed to cover repossessions and protect consumers from abuses by allowing a minimum period to cure any default or redeem before sale. *See,* 69 P.S. § 623D. Under the MVSFA, a creditor must provide:
[a] written "notice of repossession" delivered in person, or sent by registered certified mail directed to the last known address of the buyer. Such notice shall set forth the buyer's right as to reinstatement of the contract, if the holder extends the privilege of reinstatement and redemption of the motor vehicle, shall contain an itemized statement of the total amount required to redeem the motor vehicle by reinstatement or payment of the contract in full, shall give notice to the buyer of the holder's intent to re-sell the motor vehicle at the expiration of fifteen

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

(15) days from the date of mailing such notice, shall disclose the place at which the motor vehicle is stored, and shall designate the name and address of the person to whom the buyer shall make payment, or upon whom he may serve notice. The holder's notice shall also state that any personal property left in the repossessed vehicle will be held for thirty (30) days from the date of the notice's mailing. The personal property may be reclaimed within the thirty (30) day time period. Thereafter the property may be disposed of in the same manner as the motor vehicle and other collateral.

As set forth above, the MVSFA requires that a notice of repossession be sent to the consumer advising the consumer of several items, including 15 days notice of intent to sell the repossessed vehicle. 69 P.S. §623D. Under 1 Pa. C.S. § 1933, a particular provision of one statute i.e. the MVSFA, controls a general provision of another statute addressing the same topic, i.e. the UCC. Since provisions of the UCC and the MVSFA are read *in pari materia*, plaintiff and the potential class were entitled, inter alia, to at least 15 days notice of the intent to sell the repossessed vehicle, which did not occur. *Industrial Valley Bank & Trust v. Nash*, 502 A.2d 1254, 1263 (Pa. Super. 1985)("On the question of the kind of notice to be given to a debtor by the secured creditor, the MVSFA and the U.C.C. are clearly *in pari materia* since they relate to the identical thing - the sale of a repossessed motor vehicle."); *Coy v. Ford Motor Company*, 618 A.2d 1024, 1026(Pa. Super. 1993).

In addition to the MVSFA's statutory requirement of at least 15 days notice of sale, the parties agreed in their finance contract that a borrower whose car is repossessed would have at least 15 days notice to redeem. The finance contract at issue provides at ¶ 12(b) under "some things you should know if we repossess the vehicle":
You have the right to buy back (redeem) the vehicle within 15 days of the mailing of the Notice and at any later time before we sell the vehicle. If you do not redeem, you give up all claim to the vehicle.

Driver's notice provided only 10 days, despite the contractual and statutory obligation to provide a minimum of 15 days.

Under the MVSFA, Drive was also required to provide plaintiff and the class information both regarding (1) the location of the repossessed vehicle; and (2) that any personal property left in the vehicle would be held for 30 days from the date of mailing the notice so plaintiff and potential members of the class could retrieve the property. 69 P.S. § 623D. Drive, in its form Notice, also failed to provide that information.

If after the sale of the vehicle there is a deficiency balance, a creditor must send a letter explaining the deficiency (referred to herein as "Deficiency Notice") when it first makes written demand for the deficiency, or within 14 days after receipt of a request for an explanation by the consumer. 13 Pa C.S. § 9616. The Deficiency Notice must provide information about the aggregate amount of the obligation secured by the security interest; the proceeds from the sale; the remaining balance after applying the sale proceeds; a breakdown of the expenses incurred in selling the property; any credit to which the consumer is entitled; and the amount of the deficiency claimed. Defendant did not send out Deficiency Notices to plaintiff and the class.

Plaintiff and the potential class are entitled to uniform statutory damages as a result of defendant's failure to comply with the UCC (and the MVSFA). 13 Pa. C.S.A. § 9625(c) provides consumers with a uniform minimum liquidated damages, "regardless of any injury that may have resulted". *See,* Official Comment 4 to 13 Pa. C.S.A. § 9625 9-625(c):
Persons entitled to recover damages; statutory damages in consumer goods transaction. If the collateral is consumer goods, a person that was a debtor or secondary obligator at the time a secured party failed to comply with this chapter may recover for that failure in any event an amount not less than the credit service charge plus 10%

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

2006 WL 6233425 (Pa.Com.Pl.)                                                    Page 3

of the principal amount of the obligation or the time price differential plus 10% of the cash price.

This statutory damage provision has routinely been applied as written. *See e.g., Kruse v. Voyager Ins. Co.,* 648 N. E.2d 814 (Ohio 1995).

Separately, the failure to send the deficiency notice provides for a uniform, statutory damage of $500.00. 13 Pa C.S.A. § 9625(e)(5).

*I. Factual Background*

In or about September 2002, Mr. McCall obtained an automobile loan from Drive for the purchase of a used Ford automobile. After two years of timely payments, in 2004, Mr. McCall fell behind on his car payments to Drive as a result of a serious family situation and Drive repossessed Mr. McCall's vehicle on February 28, 2005.

On or about March 1, 2005, Drive sent Mr. McCall a "Notice of Plan to Sell Property" in connection with the repossession by Drive of his vehicle. The Notice states that the vehicle would be sold after 10 days, i.e. "at a private sale sometime after 03/11/05", and that McCall would have to pay the sum of $ 8,968.24 to redeem the vehicle. This is the only notice sent to McCall advising of the repossession. Drive's Notice failed to comply with the 15 day notice required under their agreement(s) the UCC; and the MVSFA.

Drive acknowledges that it sent this non-compliant notice to approximately 750 Pennsylvania residents. Drive, through its counsel, has also acknowledged that approximately 1,520 cars belonging to Pennsylvania residents were repossessed during the class period.

If a deficiency remains after the sale of the vehicle, a creditor must send a letter explaining the deficiency ("Deficiency Notice") when it first makes written demand for the deficiency or within 14 days after the receipt of the request for same by the consumer. 13 Pa C.S. § 9616. Drive did not provide a notice explaining any deficiencies claimed due as required under 13 Pa.C.S. § 9616. Drive has provided no evidence that a single deficiency notice was issued to any consumer. Pursuant to 13 Pa. C.S. § 9625(e), each consumer class member may recover a uniform $500.00 damages as a result of a creditor's failure to provide an explanation of the deficiency, where that failure is part of a pattern or practice of noncompliance. Both of Plaintiff's damages claims are uniform and based upon a statutory formula.

Plaintiff has provided an expert report from Larry Goodman, CPA, who opines that the arithmetic calculation of damages (finance charge plus 10%) would be an easy, straightforward calculation for each class member.

*II. Discussion*

In determining whether this action is properly certifiable as a class action, the court is confined to a consideration of the class action allegations and is not concerned with the merits of the controversy. The court's purpose in resolving the motion for class certification is to decide solely whether the action shall continue as a class action or as an action with individual parties only. Pa.R.C.P. § 1707 (Explanatory Note 1977). Accordingly, in resolving the pending motion, the Court cannot make any ruling on Plaintiffs' ultimate recovery against any named defendant or on the merits of any defense raised. The burden of proving that classification is appropriate falls upon the party seeking certification. *D'Amelio v. Blue Cross of Lehigh Valley,* 347 Pa. Super. 441, 449, 500 A.2d 1137, 1141 (1985); *Janicik v. Prudential Insurance Company of America,* 305 Pa. Super. 120, 128, 451 A.2d 451, 454 (1982).

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

In order for the court to grant class certification, the plaintiff must demonstrate that the requirements set forth in Pa.R.C.P. § 1702 have been satisfied. Rule 1702 sets forth those requirements as follows:

Rule 1702: Prerequisites to a class action.

One or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if:

(1) the class is so numerous that joinder of all members is impractical;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

(4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and

(5) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

### 1. NUMEROSITY

Drive has acknowledged that approximately 750 Pennsylvania residents received a notice like the one attached to the Complaint. The class size will likely be closer to the number of repossessions, i.e. 1520, during the class period as recently identified by Drive's counsel. Drive's representations in its pleadings establish numerosity for purposes of class certification.

### 2. COMMONALITY

Rule 1702(2) requires that plaintiff's show that "there are questions of law or fact common to the class." Commonality does not require that every question of law or fact be common to every member of the class; rather, the requirement is generally met if the class members' legal grievances arise out of the "same practice or course of conduct" on the part of the class opponent. *Janicik*, 451 A.2d at 457, *accord, Rose v. Shawmut Developnet Corp.*, 460 Pa. 328, 333 A.2d 751, 753 (1974) (claims arising from form mortgages generally give rise to common questions).

The common questions in this case are set forth at ¶31 of plaintiff's Complaint.

(a) Whether defendant failed to send the Notice of Repossession required under the MVSFA as required after repossessing a vehicle;

(b) Whether defendant failed to send the Notice in the form and manner required under the UCC and MVSFA after repossessing a vehicke;

(c) Whether defendant sent a written explanation of the deficiency claimed due as required under the UCC; and

(d) The statutory or other damages provided for such misconduct. These issues are common to each of the 750 or more Pennsylvania consumers identified by Drive at this juncture, and therefore plaintiff meets the commonality standard.

### 3. TYPICALITY

Plaintiffs must demonstrate that their claims or defenses are typical of the claims or defenses of a class. Pa.R.C.P. § 1702(3). In order to satisfy the typicality requirement, the position of the class representative on the common issues must be sufficiently aligned with that of the absent class members to insure that the pursuit of the named plaintiffs' own interest will advance those of the proposed class members. *D'Amelio*, Supra, 347 Pa. Super. At 458, 500 A.2d at 457; *Ablin*, Supra, 291 Pa.Super. at 47, 435 A.2d at 212.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

A named plaintiff's claim is considered to be typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if claims of the named plaintiff emanate from the same legal theory or common allegation as the claims of the class members.

Instantly, the complaint delineates Dive's regular use of an improper form letter: a repossession notice contrary to that mandated by the UCC and MVSFA for consumers who have suffered a repossession, and the ensuing (absent) deficiency notice. The illegality of these form documents will not vary in any significant way among class members - either the forms are illegal or not.

Typicality does not require identical claims and a variation will not render a class representative's claim atypical unless the factual position of the representative markedly differs from that of other members of the class. *See Bucci v. Cunard Line Ltd.,* 35 D & C 3d 228, 237 (1985). In this case, plaintiff McCall is a Pennsylvania resident who financed a vehicle through Drive, who after repossessing the car, failed to provide the notices required under the UCC, the retail installment contract and the MVSFA, and failed to send a proper deficiency notice. Each class member is in the identical situation. The Complaint alleges no claims that are particular to Mr. McCall such that he would be atypical of or antagonistic to any other class member. Even if Drive argues that each class member owed a deficiency and that it is entitled to a set off, that would only impact the amount of damages to be awarded. *See also Walczak,* 850 N.E. 2d at 371-372 (rejecting claim that deficiency set-offs may be a bar to class treatment).

Additionally, the statutory damage formula is the same for all class members. The formula is a question of simple math, assuming the common liability question is resolved in favor of the class. From Drive's records, one would only need to add the finance charge and principal balance outstanding on each of the finance agreements in the class to calculate aggregate as well as individual statutory damages. It is well-settled that minor variations in damages do not impair typicality or preclude certification. *See, In Re Comm. Bank of N. Va.,* 418 F.3d 277 at 305-06(3d Cir. 2006). Because the damages formula is uniform for all class members and may be calculated with mathematical certainty, there is no impediment to class certification in this case.

### 4. ADEQUACY

Rule 1702(4) requires that "the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709." This requirement has three elements: (1) whether counsel for the name dplaintiff will adequately represent the interests of the class; and (2) whether the representative parties have a conflict of interest in the maintenance of the class action; and (3) whether the representative parties have or can acquire adequate financial resources to assure that the interests of the class will not be harmed.

Generally, competency of class counsel is presumed. This Court finds that McCall is represented by counsel experienced in consumer class action litigation. Cary L. Flitter and Lundy, Flitter, Beldecos & Berger, P.C. have been approved as competent counsel by this Court in other consumer class actions. Flitter has presented at lectures and CLE's regionally and nationally for over 10 years. Flitter teaches Consumer Credit Litigation at Widener University Law School (adjunct faculty) and is co-author of *Pennsylvania Consumer Law,* Geo. Bisel Publishing Co. Mr. McCall and the class will also be represented by Theodore E. Lorenz of the Lundy, Flitter firm. Mr. Lorenz has significant trial experience and has been previously named class co-counsel in consumer matters in federal court.

The class is also represented by Michael D. Donovan, a principal in the firm of Donovan Searles, LLC. Mr. Donovan has extensive experience representing investors, consumers, and small businesses in class actions,

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

shareholder rights, consumer and commercial litigation. Donovan has been previously named class counsel by this Court and by other courts in this and other federal districts.

Plaintiff McCall will fairly and adequately represent the class. Plaintiff McCall sits in virtually the same position as the putative class members who, like him, were not provided with the notices required under the UCC and the MVSFA. There is nothing to suggest that McCall may have any interest antagonistic to the vigorous pursuit of the class claims against Drive.

The Court has been made aware that some 15 years ago, that McCall was arrested and convicted of robbing a convenience store in Bucks County. He served 5 years in jail and was released in September 1996. According to counsel, Mr. McCall is not on parole and does not have to see a parole officer or anyone related to the conviction, which is now more than a decade in his past. He has not had any further convictions other than this singular criminal episode dating to 1991. This old offense has no bearing on this prong of class certification. *See Haywood v. Barnes*, 109 F.R.D. 568, 579(E.D.N.C. 1986). Mr. McCall is an adequate class representative, knowledgeable and interested to bring this case on behalf of himself and the other members of the putative class.

Furthermore, Plaintiff also sued Drive under the federal Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. *McCall v. Drive Financial Services*, U.S.D.C. E.D. Pa No. 05-cv-2463(AB). In opposition to the federal action, Drive argued extensively that Mr. McCall's old conviction somehow rendered him inadequate to serve as class representative. The federal court rejected Drive's argument, finding the conviction both old and entirely unrelated to any aspect of the case. *McCall v. Drive Financial Services*, 236 F.R.D. 246 (E.D. Pa. 2006).

Finally, the named plaintiff has adequate financial resources. Pa.R.C.P. 1709(3). Class counsel are advancing their time and the litigation costs, as they are permitted to do. Therefore, the adequacy prong is met.

### 5. Fair and Efficient Method for Adjudication of the Controversy

Pa.R.C.P. § 1702(5) requires that the Court find that a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Pa.R.C.P. 1708 as a prerequisite to class certification. The factors set forth in Pa.R.C.P 1708 to be considered in deciding whether or not a class action is a fair efficient method of adjudication include, in relevant part, "whether common questions of law or fact predominate over any question effecting only individual members" (Pa.R.C.P. 1708(a)(1); the size of the class and the difficulties likely to be encountered in the management of the action as a class action (Pa.R.C.P. 1708(a)(2)); and whether the claims of individual class members are insufficient in amount to support separate actions (Pa.R.C.P. 1708(a)(7)).

In determining fainess and efficiency, a court is required to balance the interests of the litigants, including putative class members, and the interests of the court system, with the court being mindful that the class action is inherently a procedural device designed to promote efficiency and fairness in handling large numbers of similar claims. *Lillian v. Commonwealth*, 467 Pa. 15, 21,354 A 2d 250, 253 (1976).

Pursuant to Rule 1708 (c), "[w]here both monetary and other relief is sought, the court shall consider the criteria all the criteria in both subdivisions (a) and (b) of the Rule. Class cases challenging improper repossession and deficiency notices under the UCC's remedy provision have been regularly certified by sister state courts. *Walczak*, 850 N.E.2nd at, 366-372 (affirming certication of class of motor vehicle buyers in action against finance company with respect to repossession and deficiency misconduct); *Middleton v. Sunstar Acceeptance Corp.*, 2000 WL 33385388, *3-*8 (S.C. Com. Pl. Jan. 13, 2000)(certifying class of motor vehicle buyers alleging that

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

financing companies repossession form violated the UCC); *Chisolm v. Transouth Financial Corp.,* 194 F.R.D. 538, 557-569 (E.D. Va. 2000)(certifying class and subclasses against financing company for violation of UCC notice requirements in alleged car churning scheme); *Patrick v. Wix Auto Co.,* 681 N.E.2d 98, 102 (Ill. App. 1st Dist. 1997)(holding that repossession notice utilized by financing company violated state law).

Here, common questions predominate throughout the class as a result of Drive's failure to provide both the repossession and deficiency notices required under the UCC ans the MVSFA. *See* Rule 1708(a)(1). The predominance standard is "closely akin to" the commonality requirement of Rule 1702(2) discussed above, which is clearly satisfied in the matter. *Janicik* at 461.

There is no basis to conclude that any difficulties would be encountered with the management of this matter on a class action basis. Rule 1709(a)(2). The class consists of between 750 and 1520 Pennsylvania consumers and involves Drive's failure to provide the notices required under the UCC and the MVSFA in connection with Drive's repossession of vehicles belonging to plaintiff and the class. Drive's business is highly computerized and as such, Drive should be able to readily access information relating to plaintiff and the class; *compare Janicik* at 462 ("...the names, addresses and insurance records of all potential class members were centrally stored by [defendant]. Consequently, management problems unique to the class porceedure would not be unduly burdensome...").

This forum is particularly appropriate in which to address the claims of the plaintiff and the putative class. *See* Rule 1708(a)(3),(5),(6), and (7). The cost of proceeding on an individual basis would not be practical or economical given the potential size of individual awards and members of the putative class will benefit by proceeding on a class basis.

In addition to monetary relief, Plaintiff also seeks declaratory relief in this action. Declaratory relief is appropriate in this case since Drive has acted or refused to act, or failed to perform a legal duty, on grounds generally applicable to all class members. *See* Rule 1708 (b)(2). The defendant's conduct does not, however, have to be directed at or damaging to each member of the class to justify declaratory relief. *Willams v. Empire Funding,* 183 FRD at 435-37.

Declaratory relief is also appropriate because Drive's repossession and deficiency procedures fail to comply with Pennsylvania law. As Plaintiff asserts in his Motion, "the public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form." *Lake v. First Nationwide Bank,* 156 F.R.D. at 626; *accord Baldassari,* 808 A.2d at 195.

## II. CONCLUSION

Plaintiff has shown that each of the requirements for class certification set forth in Rule 1702 are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) plaintiff's claims are typical of those of the class members: (4) plantiff is ans adequate representative of the class; and (5) the class action provides a fair and efficient method for adjudication of the controversy. Plaintiff has shown that the criteria of Rule 1708 are satisfied.

The Court therefore grants Plaintiff class certification.

BY THE COURT:

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

2006 WL 6233425 (Pa.Com.Pl.)                                          Page 8

<<signature>>

Gary F. Di Vito, J.

McCall v. Drive Financial Services, L.P.
2006 WL 6233425 (Pa.Com.Pl. ) (Trial Order )

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.